IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA ZIEGLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 22-748 |

O R D E R

AND NOW, this 21st day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Subchapters II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because

1

it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments on appeal. She contends that the Administrative Law Judge ("ALJ") did not properly follow the March 15, 2021 remand order by failing to fully explain the basis for Plaintiff's residual functional capacity ("RFC"), specifically the RFC's light work limitation and sit/stand option. (Doc No. 13 at 7-10). She further asserts that the ALJ erred by rejecting the opinion of Plaintiff's treating physician, Dr. Richard Egan. (*Id.*) After careful review, the Court disagrees and finds that substantial evidence supports the decision of the ALJ.

This case comes before the Court after several remands. Plaintiff first applied for DIB and SSI benefits on May 21, 2013, alleging that she was totally disabled beginning on January 1, 2009, and ending on June 30, 2010. (Doc. No. 13 at 1). Her claims were initially denied on June 20, 2013. (*Id.*). Thereafter, on August 7, 2013, she filed a written request for a hearing and her case was heard by an ALJ on January 15, 2015. (*Id.*). The ALJ denied Plaintiff's request on February 20, 2015, and Plaintiff appealed to this Court after the Appeals Council ("AC") denied review. (R. 16-32, 106). On March 17, 2017, the Honorable Donetta Ambrose remanded pursuant to a stipulation for voluntary remand between the parties. (Doc. No. 13 at 1; R. 552-53). Thereafter, ALJ Joanna Papazekos held a second hearing on April 1, 2019, and issued a second unfavorable decision dated May 3, 2019. (R. 502-15). Plaintiff again appealed to this Court, and Judge Ambrose remanded the case on March 15, 2021, with instructions for the ALJ to explain her finding of "light work" and address the ambiguity surrounding the weight given to Dr. Egan's opinion. (R. 1115-23). The ALJ held a third hearing in this case on January 4, 2022, and issued a third unfavorable decision on January 19, 2022. (R. 1067-81). Before the Court here is Plaintiff's motion for summary judgment concerning appeal of this third unfavorable decision and Defendant's cross-motion for summary judgment. (Doc. Nos. 12, 14).

Central to this appeal therefore is the Court's March 15, 2021 remand order. This order instructed the ALJ to explain Plaintiff's RFC, specifically the "light work" limitation, and to address the ambiguity surrounding the standard used to evaluate Dr. Egan's opinion. (R. 1115-23). In the remand order, Judge Ambrose explained that substantial evidence did not support the ALJ's finding that Plaintiff be limited to light work because the ALJ only considered Plaintiff's statement to Dr. Egan on two occasions that she walks her dogs for exercise up to 6-7 times per week. (R. 1120). Judge Ambrose explained that without further analysis of how this evidence supported a light work limitation, the ALJ's analysis was insufficient, especially in light of Dr. Egan's contrary opinion. (R. 1120-21). Additionally, Judge Ambrose explained that it was unclear whether the ALJ applied the appropriate standard for evaluating medical opinion evidence as the former standard, 20 C.F.R. § 404.1527, applied to this case because Plaintiff filed her claim in 2013. (R. 1121).

The ALJ had used language more consistent with the new standards, *i.e.* "persuasive," instead of language pertaining to the "weight given." (*Id.*).

Being mindful of this Court's previous instructions and the ALJ's carefully reasoned third unfavorable decision, the Court rejects Plaintiff's first argument that the ALJ did not follow Judge Ambrose's remand order by failing to explain Plaintiff's "light work" limitation in her RFC. Plaintiff asserts that the ALJ failed to explain with reference to medical evidence of record how Plaintiff could perform "light work" with the sit/stand option allowing the Plaintiff to "change positions from upright to seated approximately every hour." (Doc. No. 13 at 8; R. 1076). Defendant naturally disagrees and points to the ALJ's explanation for the light work designation with postural limitations and a sit/stand option. (Doc. No. 15 at 10-13). Defendant points to many pages of the record that support this finding, including Plaintiff's report that she exercised seven times a week during the relevant period and Plaintiff's denials of back pain, joint pain, swelling, weakness, stiffness, and arthritis. (*Id.* at 10).

"Light work" is defined by the Social Security Administration as:

> involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b). Light exertional work "generally requires the ability to stand and carry weight for approximately six hours of an eight hour day." *Jesurum v. Secretary of the United States Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (citations omitted).

The Court agrees with Defendant and finds that the ALJ sufficiently explained Plaintiff's light work limitation and therefore followed the Court's remand order. Specifically, the ALJ explained the light work limitation by analyzing the treatment records and examination findings of Dr. Egan, who provided the only medical opinion regarding Plaintiff's residual functional capacity during the relevant time period. (R. 1078-79; 496-501). Dr. Egan's records noted Plaintiff's admission that she was exercising 6 to 7 days a week by walking her dog, which the ALJ explained placed her residual functional capacity above the sedentary level. (R. 1079; Exh. 1F/26, 31, 37, 42, 46, 50, 55). Dr. Egan also

noted Plaintiff was experiencing some back and wrist pain during the relevant time frame and the ALJ incorporated this finding, noting the Plaintiff's pain "reduce[d] her residual functional capacity from medium to light[.]"  (R. 1079).  Moreover, the ALJ explained that Plaintiff's records consistently noted "negative straight leg raise, the [Plaintiff] moved well in the examination room, did not demonstrate wasting, poor gait, or the requirement for an assistance device, and while she was obese she was routinely advised [to] exercise and lose weight, which she presumably was capable of doing."  (*Id.* (citing Ex. 1F/4, 31)).

The ALJ also relied on Plaintiff's self-reported activities in her function report to explain that Plaintiff was capable of light work.  (R. 178-87).  Notably, the ALJ explained that "the claimant's activities are supportive of light work as she was able to perform personal care, drive her uncle to appointments, care for a disabled son, cook with a stool, clean, do laundry, and shop in stores for food and clothing."  (R. 1079 (citing Ex. 4E)). These activities were further confirmed by Plaintiff's function report, which she herself filled out.  (R. 178-87).

The ALJ's consideration of all this evidence supports a finding that Plaintiff is capable of light work, as defined above.  Accordingly, the ALJ sufficiently addressed the Court's remand order, and substantial evidence supports the ALJ's decision to limit Plaintiff to light work.

The Court is also unpersuaded by Plaintiff's second argument that the ALJ did not follow Judge Ambrose's remand order by failing to apply the correct standard to Dr. Egan's opinion and failing to sufficiently explain why she rejected Dr. Egan's opinion.  The ALJ followed the Court's remand order by applying the correct regulations to Dr. Egan's opinion and explaining why she afforded the opinion "little weight."  (R. 1078-79).  Indeed, the ALJ expressly indicated that she "considered opinion evidence in accordance with the requirements of 20 CFR § 404.1527."  (R. 1076).  Again, this was the correct regulation to apply as Plaintiff filed her claim before March 27, 2017.  *See* 20 C.F.R. § 404.1527.  In applying the regulation, an ALJ considers a variety of factors when deciding how much weight to give a medical opinion, including the examining relationship, treatment relationship, nature and extent of the treatment relationship, supportability, consistency, specialization, and other factors that the parties bring to the ALJ's attention.  *Id.* However, the ALJ does not need to discuss his or her analysis of all of the listed factors. *Ludrosky v. Berryhill*, No. 16-1895, 2018 WL 692094, at *2 (W.D. Pa. Feb. 2, 2018) (citations omitted) (stating "[w]hen assessing the weight to be assigned to a non-treating source, an ALJ is not required to discuss every factor listed in 20 C.F.R. § 404.1527(c)(1).").

The ALJ correctly applied this regulation by discussing the specialization, supportability, and consistency, factors.  The ALJ analyzed the specialization factor by noting that Dr. Egan was the Plaintiff's primary care provider with a long-standing treatment relationship, but that he was not a specialist.  (R. 1078).  The ALJ further analyzed the

4

consistency factor by comparing Dr. Egan's treatment records to his opinion and noting Dr. Egan's "treatment records [were] out of proportion to the limitations he assessed in his opinion[,]" stating, "Dr. Egan's treatment records do not support his opinion as he found generally normal examination findings and treated the claimant conservatively. In addition, while Dr. Egan's records contain a long list of problems, most of his office visits do not contain any complaints about them." (R. 1078-79). The ALJ then analyzed the supportability factor and pointed to Plaintiff's complaints and reports of pain in May, July, and August 2009 and noted that despite these reports, her conditions required little treatment or follow-up, and her blood work dramatically improved. (R. 1078). Additionally, the ALJ noted that in January and February 2010, Plaintiff's reports of pain and stiffness were not confirmed by a physical examination from that time which was normal other than non-specific small and large joint degenerative changes. (R. 1078). Also, during this time, Plaintiff's diabetes was uncontrolled, but she did not report symptoms related to it. (R. 1078-79). The ALJ further analyzed supportability by noting that Dr. Egan's records were inconsistent with the other evidence of record. (R. 1079). Specifically, the X-rays of Plaintiff's lumbar spine showed only mild degenerative joint disease, and the x-rays of her left wrist showed only mild osteoarthritis. (*Id.* (citing Exhs. 1F/68, 71). These records stand in sharp contrast to Dr. Egan's opinion, which found Plaintiff could walk three blocks without rest or severe pain, sit for 2 hours at a time, and about four hours in an eight-hour day, stand for one hour at a time, and stand and walk for less than two hours in an eight-hour day. (R. 1078). The ALJ also noted Dr. Egan's finding in regard to Plaintiff only being able to tolerate a low stress job was also unsupported by the record, which showed that Plaintiff experienced stress primarily in relation to her husband's illness and a contemporaneous mental status examination was normal. (R. 1079 (citing Ex. 1F/35, 38). Accordingly, the Court finds the ALJ correctly applied 20 C.F.R. § 404.1527.

The Court further rejects Plaintiff's third argument that the ALJ failed to point to specific evidence upon which she relied in support of her limitation that Plaintiff "requires a sit/stand option allowing her to change positions from upright to seated approximately every hour." (R. 1076). The ALJ explained this specific sit/stand option sufficiently, as it is clear from her opinion that she discussed objective evidence, including Plaintiff's daily living and activities, and considered the entire record when formulating Plaintiff's sit/stand option. (R. 1078-79). It was not required, as the Court's remand order correctly notes, for the ALJ to adopt Dr. Egan's opinion and specific sit/stand duration or for her to expressly rely on another opinion. (R. 1120). Accordingly, the ALJ was allowed to formulate her own sit/stand duration so long as there was sufficient explanation for rejecting Dr. Egan's conclusions and the claimant's subjective testimony. *See Faircloth v. Colvin*, No. 12-1824, 2013 WL 3354546, at *7 (W.D. Pa. July 3, 2013) (citations omitted) (noting "[t]he ALJ must consider all medical evidence in the record and provide adequate explanations for disregarding or rejecting evidence, especially when testimony of the claimant's treating physician is rejected."). That is precisely what the ALJ did here; based on all the evidence, the ALJ formulated a sit/stand option that contained a duration less frequent than (and

5

therefore in part more restrictive than) that recommended by Dr. Egan and provided sufficient explanation for her rejection of Plaintiff's testimony and Dr. Egan's conclusions. (R. 1078-79).

Further, the ALJ's discussion is sufficient to support her more restrictive sit/stand option than that opined by Dr. Egan. As the ALJ noted, Dr. Egan recommended that Plaintiff needed to include periods of walking for 5 minutes every 90 minutes and must be able to shift positions at will from sitting, standing, or walking. (R. 1078). Plaintiff herself alleged the need for a more restrictive sit/stand option, noting, "I can not [sic] stand or walk for more than <10 min[utes] at a time if I do not eat every 3 to 4 hours my blood sugar drops" with an addition on the side of the form, "without great pain[.]" (T. 178). It is clear from the opinion that the ALJ considered both Dr. Egan's recommendation and the Plaintiff's report and permissively found each not fully persuasive. Specifically, the ALJ found Dr. Egan's recommendation worth only "light weight" with a thorough explanation for this conclusion, as detailed above, and found Plaintiff's "statements concerning the intensity, persistence and other limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (R. 1077). The ALJ then went on to analyze the entire record, including Plaintiff's reports that she was exercising 6 to 7 days a week, capable of performing personal care, driving her uncle to appointments, caring for her disabled son, cooking with a stool, cleaning, doing laundry, and shopping in stores for food and clothing. (R. 1079). Upon consideration of all the record evidence, the ALJ formulated the specific sit/stand option and further noted that "Plaintiff's report that she needs a stool while cooking is accommodated with the sit/stand option." (*Id.*)

The Plaintiff's argument that the ALJ's explanation of this sit/stand option warrants remand based on similarity to the case in *Fisher v. Berryhill* is also unpersuasive. *Fisher* concerned an RFC containing "a sit / stand option without breaking task, which allows him to change positions briefly about every hour for about three to four minutes . . ." No. 16-1884, 2018 WL 783715, at *3 (W.D. Pa. Feb. 8, 2018). Notably, the ALJ failed to include any explanation as to how he came about making this specific finding and made no reference to any medical opinions that aided in this finding. *Id.* That is not the case here. As explained above, the ALJ fully explained her basis for Plaintiff's RFC and incorporated sit/stand option by making reference to Plaintiff's reports concerning activities, exercise, and cooking, and she analyzed Dr. Egan's reports in formulating this RFC. (R. 1078-79). Given the ALJ's sufficient explanation for Plaintiff's sit/stand option, the Court declines Plaintiff's invitation to disturb the ALJ's RFC conclusion because the determination is supported by substantial evidence.

Accordingly, the Court affirms.

6

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record